Mr. Boies. Mr. Chief Justice, may it please the Court. The district court below found, and it is not disputed here, that the plaintiff fulfilled all the requirements of Rule 23a for class certification. The district court also found, and the court of appeals affirmed, that the plaintiff demonstrated all the requirements for class certification under 23b-3, except for the Fifth Circuit's loss causation requirement. The court below recognized that whether or not there was an efficient market was not disputed. It was conceded that we have an efficient market here. There were no challenges. Mr. Boies, if I could just stop you there. Certainly. What if that had been disputed? Is that something that can be disputed at the certification stage? Yes, Your Honor. Mr. Boies, what's the difference, then? Why could that be disputed at the certification stage, but not the question of price impact? Because the issue of efficient market goes to the presumption of reliance. And if the Court holds at the certification stage that there is no efficient market, then the basis for presuming class-wide reliance is impacted. And so you can have a situation in which the common issues do not predominate over the individualized issues. That cannot happen with respect to loss causation, because as the Respondent concedes here, loss causation is a common issue. Well, how about materiality? Could you rebut materiality at the certification stage? No, Your Honor. We don't think you can rebut materiality at the certification stage. I would note that under the Fifth Circuit rule, loss causation is in addition to materiality. Well, now I'm a little confused, because the efficient market and materiality are all part of the prima facie case triggering the basic presumption. So why can you rebut one part of that case but not another part of that case? Because the issue of materiality is something that goes to a class-wide common issue. The issue of reliance can go to whether or not issues predominate or not. Rule 23b-3 talks about whether common issues predominate or not. That's the issue at class certification stage. The merits issue is not implicated at class certification. But common reliance can be rebutted at the certification stage. Excuse me? Can the basic presumption be rebutted at the certification stage? The basic presumption of reliance, yes, Your Honor. For example, if you were to take a situation in which you — not present here, but where you disputed whether or not the market was efficient or not, that is something that could be decided at the class certification. Can it be rebutted by proof other than proof generally disproving the efficiency of the market? We believe under the Court's decision in Basic that that is something that is reserved for trial, that rebut. And what is that based on, the footnote in Basic? Yes, Your Honor. Well, that's pretty thin, isn't it? It's dictum in a footnote in an opinion issued at a time when conditional class certification was permitted. Do you have anything else to support that? I don't from this Court, Your Honor. Do you have anything in the rule to support that? Anything in the rule? No. Well, I think what the rule does is it talks about whether issues of common issue predominate over individualized issue. And since this is something that would be at the class certification stage, not creating individualized issues, we would think that is something that is reserved for trial. Mr. Boies, how would it work in your view of the case, that as you say, that the loss that's been called loss causation is not something to be decided at the certification stage, but at the trial or summary judgment? Well, how would the plaintiff class prove loss causation, given the reliance hurdle that you have surmounted? Now, you're in you have your class certified. How does the class prove loss causation? As this Court indicated in Dura, in order to prove loss causation, you must demonstrate that you had either an increase in the prices, and this assumes that you are concealing negative information, the reverse would be true if you were concealing positive information, an increase at the time that the concealment took place, or a decline when the actual facts were revealed. And it would be required at summary judgment by a summary judgment standard and at trial by a trial standard, and at the pleading stage by a pleading standard for the plaintiff to make out that case. In other words, there are three times loss causation is tested, pleadings, summary judgment, and trial. The question is whether a fourth test should be interposed at the class certification stage. Sotomayor, doesn't a lack of response to a disclosure, couldn't it be in some situations reflective of an inefficient market? Yes, Your Honor, I think it could. I think that you could very well have a situation in which, if you demonstrated a lack of response, that could impact the issue of efficiency. And I think that would be an issue that, in a proper case, where unlike this one, it was presented. Sotomayor, why is it why is this case, why can't you pigeonhole this case into that argument, which it appears what the Respondents have done is move away from the loss causation proof and gone to the issue of whether they rebut it, reliance or not. The problem is, as the Fifth Circuit noted at page 335 of the F-3rd reports, efficiency of this market was conceded below. In other words, the Respondents conceded that this market was efficient. So that issue was not presented and the rebuttal issue was not presented in this case. Scalia. Mr. Boyd, you talked about loss causation. The Respondents assert that that's not what the Fifth Circuit was really doing, that really they're just trying to rebut the presumption, essentially, of basic by showing that at the far end there was nothing that could justify the presumption. Would you be satisfied if we just said that we agree with you that the requirement to prove loss causation is no good and send it back to the Fifth Circuit and then adopt the Fifth Circuit, adopt the theory that Respondents assert they have already adopted? I mean, it's sort of a Pyrrhic victory, it seems to me, if you have us just disapprove loss causation. Boyd. It depends on how the Fifth Circuit then construes reliance. Well, they would construe it the way Respondents say they have already construed it. Your Honor, I think that if they simply changed the wording and called loss causation reliance, obviously it wouldn't make any difference. But as this Court indicated in Basic and just last month in Matrix, loss causation and reliance are two distinct elements. And the reason that's important in this particular context is that reliance can create a situation where you have individualized issues predominating over common issues. Loss causation can't, because as Respondents concede here, loss causation is a class-wide issue. There is loss causation or is not loss causation. That, as this Court held in Durer, is an element of the merits case. It is one that we must prove at all three stages, pleading, summary, judgment and trial. But it is not something that goes to the Rule 23 standard. Scalia, I think what you've said is that there's really no difference between loss causation and what Respondents assert that the Fifth Circuit found. No, Your Honor, I did not mean to say that. I think that there is a difference. I think there's a — I think there are two differences. There's a difference between what Respondents say and what the Fifth Circuit says. The Fifth Circuit talks about loss causation, says it's in addition to efficient market, does not talk about reliance. There's also a difference between what Respondents say and what this Court has said in Basic and Matrix and the other cases in terms of what is required to prove for class certification. What is required to prove for class certification under Rule 23, unless and until Rule 23 is changed, is that common issues predominate. Common issues will predominate even with respect to what the Respondents here argue. Because it's because what they argue, just like loss causation, is a common issue. Scalia, but you would want us to say that and not just say that loss causation is a common issue. Yes, Your Honor. Yes, Your Honor. Sotomayor, how do you see or what difference do you see between their loss causation evidence and an inefficient market? Could they, assuming there was no stipulation in this case, do you see any difference in how they could use the fact that other information affected the market and not this one? Or is it your theory of the case that there is no evidence that they could marshal to show that this is an inefficient market? I don't believe, under this Court's decision in Basie, that given the actual objective facts that have been admitted, it's a very public market, very widespread distribution of information, a lot of analysts are reporting on it. I don't believe that as a objective factual matter, they would be able ever to demonstrate that this was not an efficient market. If you had a much smaller market, indeed, if you had a market, as the Court was considering in Basie, which was a much smaller market, much less public, much less analyst support, there may be areas in which they could rebut it. But I think given what we all know about the Halliburton stock, widely traded, large number of shares traded, a lot of analysts, a lot of public information, I don't believe under this Court's decision in Basie you could conclude reasonably that that was not an efficient market. Alitoso, what do you say to the following argument, that there are some economists who say that even in a market that is generally efficient, there can be instances in which the market does not incorporate certain statements into the price of a stock, and therefore, even when it is demonstrated that the market meets the test for efficiency that the lower courts have settled upon in the wake of basic, the defendant in a class action where there is reliance on the basic presumption should be permitted at the class certification stage to prove that the allegedly fraudulent statements had no impact on price, and by doing that, destroy the theory that the class relied on the statements because they relied on the price which incorporated the statements. I think, Your Honor, that if you have a situation in which the proof is class-wide, it is something that goes only to summary judgment or trial, does not go to the class certification stage. With respect to the issue of whether somebody is relying on an efficient market, that is distinct from whether a particular statement was or was not actionable. In other words, the summary judgment issue, the trial issue, is whether the particular statement was actionable, and that includes all of the things that the Court identifies. But those issues are going to be, if there is an efficient market, class-wide issues. In other words, it's not going to be the case that in a particular instance a statement did not get into the market will affect only one member of the class. It's going to affect all members of the class. Because it is something that is common to all of the class members, Rule 23 says that is something for trial, not for class certification. Kagan. Well, whether there is an efficient market is also common to all members of the class, so why would you make an exception for that? Because if there is no efficient market, then individualized issues are going to predominate. That is, the test under Rule 23 is whether individual issues or common issues are going to predominate. If you destroy the efficient market theory in a particular case, then individual issues of reliance can predominate. However, that can't happen with respect to loss causation or price distortion or any of these other issues that are fundamental to the merits and are common to the If there is no loss causation, there is no cause of action. As this Court held in Durer, there must be loss causation. So if there is no loss causation, there aren't any individual issues to adjudicate. If there are no more questions, I would save the remainder of my time for rebuttal. Roberts. Thank you, counsel. Ms. Zaharsky. Mr. Chief Justice, and may it please the Court, the Fifth Circuit erred in requiring proof of loss causation at class certification for three reasons. First, it's conducting a merits inquiry that's not tethered to the Rule 23 requirements. Second, it's taking a presumption and requiring plaintiffs to prove it. And third, it's confusing the distinct elements of reliance and loss causation. Just to start in with some of the Court's questions, first, Justice Scalia's, does the Court require proof of loss causation? The Fifth Circuit could not be more clear. It is not talking about rebutting the presumption of reliance, giving the defendants an opportunity to do that at class certification. It is putting an affirmative burden on plaintiffs that they have to meet in every single case, even if the defendants do not come to court with any evidence. And that is a very heavy burden, as the district court in this case realized. And just to make this as concrete as possible, loss causation is the question at the end of the day whether the price decline that caused the losses was sufficiently related to the earlier alleged material misstatement and whether there was any other cause that could have led to the price decline. So if a plaintiff cannot come in and prove loss causation, there could be many reasons for that. It may be because the market is not efficient. It could also be because there is no material misstatement. But it could also be, as this Court recognized in Dura, that there was a material misstatement. It did inflate the stock price, but then other causes, such as a bad economy or other news about the company, came along, and that's what caused the stock price to drop. Justice Sotomayor. Scalia, you acknowledged that if the cause was the fact that the market was not efficient, that could be breached at the certification stage. Well, that's certainly what the Court suggested in Basic and what the courts of appeals have done, is to say that that's a threshold showing that is sufficiently collateral to the merits that it needs to be made so that the presumption can be invoked in the first instance. But these ideas about rebutting the presumption by showing that at the end of the day the plaintiff can't prove its case, these are things, as Mr. Boyce said, that stand or fall on a class-wide basis. And the real problem with the Fifth Circuit's decision is that it did not tie its proof of loss causation to the requirements of Rule 23. Everyone agrees here that loss causation stands or falls on a class-wide basis. And the rule isn't, I take it, or correct me if I'm wrong, but simply because the issue is on a class-wide basis, it can't be challenged at the certification stage. I mean, we don't have a rule that's that broad, do we, or am I missing the point? Well, that's what Rule 23 is, 23b3, which is the one at issue here. The question is, do common issues predominate over individual ones? What you're trying to answer is, can this group of people proceed together, not can this group of people make out their case? But suppose there's no demonstrated basis that that common issue exists. Well, then I think that the plaintiff should lose at the 12b6 stage, and that is a stage that has real bite after this Court's decision in Dura and after the PSLRA. There are heightened pleading requirements that apply. There are plaintiffs that will lose its summary judgment on the issue of loss causation, for example, because, A, either they don't allege a price drop, B, they don't connect the price drop to the earlier distortion of the market when there is a material misstatement. There can be many reasons that they lose at that merit stage. But class certification is not a merit stage. And the Fifth Circuit made it one because of its own policy judgments about the effects of class certification. And with all due respect to the Fifth Circuit, it's just not that Court's judgment to make that the effect of class certification is not a merits determination except with respect to reliance, except with respect to the fraud on the market theory. That you can, it is a merits inquiry, and you can decide it at the class certification stage. Kennedy and accept, just to add to the Chief Justice's question, an efficient market theory. That's right. You're asking is this theory going to be available to the plaintiffs at trial. And the way that the plaintiffs show that the theory is available to them is by establishing an efficient market and saying that they traded within the time period while the price was distorted. It's just like establishing any other threshold inquiry that would make evidence or a legal theory available at trial. But the question the Court is supposed to be asking at the 23, at the Rule 23 stage, the class certification stage, is not can these people win on the merits. And that's a question the Fifth Circuit was asking. The question it's supposed to ask is can this group of people proceed together. Alito, maybe I don't understand your argument, but you and Mr. Boies seem to be arguing that whether there is a common question, that it is a common question whether there is a common question, and therefore, that has to wait until the merits stage. Is that what you're saying? No. That's not what we're saying. What we're saying is will common issues predominate on the issue of reliance? And when the Petitioners or when the plaintiffs invoke fraud on the market and they show that there is an efficient market, this Court said in Basic they can all proceed together because they are showing that the price, that the material misstatement was reflected in the stock price, this is an impersonal market in which you rely on the stock price, they all rely on the stock price. And if they show that the statement was not incorporated in the price, in the price, and they're not claiming that they relied, that every member of the class actually relied on the statement, they're all claiming they relied on the price, if they showed that the statement wasn't incorporated in the price, then why doesn't reliance cease to be a common issue and become a question of an individual issue that would have to be proved by each member of the class? Well, in that circumstance, reliance ceases to be and the case cannot be established on the merits. They stand or fall together on the merits. Their theory is the same for all of them. But the fact that they would lose on the merits doesn't necessarily mean that they are entitled to class certification. Right. They are entitled to class certification if they have a common issue. And what the Court said in Basic is that if they set out the prerequisites for the fraud on the market, which the court of appeals agreed were met in this case, that they could proceed together. That threshold showing is required. Justice Kagan, I take your point that there is that even the question of whether the market is efficient is a common one. So perhaps one could logically say, well, they have a common issue on the efficiency of the market, why should they even have to show that at class certification? But this Court said in Basic and the courts of appeals have said it's reasonable in that case, since it's so divorced from the merits, to require a threshold showing to even allow them to invoke the presumption at the outset. But that is very, very different from what the Fifth Circuit said in this case. The Fifth Circuit in this case said basically prove your whole case. You don't just have to prove that there was a price decrease. You have to prove that there was an initial material misstatement, that it distorted the stock price, that it led to a price decrease, and that the price decrease can't be shown by any other superseding cause. It's essentially, as the Seventh Circuit said. Scalia. Can you do this in reverse? I mean, suppose the class comes in and instead of proving at the outset that the market is an efficient market and allege a misrepresentation, they come in at the back end and they say when that statement was, that we assert was a misrepresentation, was corrected, the price of stock went down and we lost money. Now, it seems to me you would have to argue, well, that's a good allegation if it's an efficient market, which is a common question. Right? Right. So they can certify under Rule 23 by using the back end. Instead of proving the efficient market, they can prove that there was a statement correcting the alleged misrepresentation, the price of stock went down, right? And they can certify the class. No. The Court said in Basic that in order to establish the presumption that you need to show the efficiency of the market, the trading during the relevant time period, I agree with you that the point is that the market went down. They're not relying on that assumption. They come in and show there was a correction of what we alleged was a misstatement. The market went down. That's all that they allege. And, of course, that proves anything only if there's an efficient market. But that will be a common question to the whole class, so we'll save that for later. Well, with respect, just alleging that the market went down would not be enough to show that there was an initial price distortion because of the company's material misstatement. Stock prices can go down for any number of reasons. There's a significant linkage that's required between the initial material misstatement and the eventual loss. But they assert that. They assert that the reason it went down was because of the initial misstatement. Certainly in the courts of appeals now, that's not the way the plaintiffs proceed. The way they proceed is on the trading period. I understand that. And I'm just saying that it seems to me it's a crazy way to run a railroad. I don't think that that's. If you can allege what's up front, you can allege what's in the back. And what's up front becomes a common question. So you certify the whole class. With respect, Your Honor, I mean, if you'd like to expand even beyond BASIC and allow class certification, but the courts of appeals have used BASIC for 20 years, Congress is well aware of it and has not seen fit to change it, this is the way that these cases proceed. This Court at the time of BASIC recognized that every court of appeals had thought that it made sense to proceed in that way using the fraud-on-the-market theory. This is well established, and just to be clear, Respondents never suggested in this case that BASIC should be revisited. This is not an issue that the courts below considered. This is not an issue that was fully briefed, and it's not something that we think should be considered. The problem in this case is that the Fifth Circuit took it upon itself to tighten the Rule 23 requirements. It was not satisfied with the rules as they exist, and it took the class certification stage and turned it into a merits inquiry stage. It required plaintiffs to prove almost their entire case at this stage of the litigation, and that just wasn't right because the class certification stage — can I finish this? — is about whether plaintiffs can proceed as a group together, as the Court in Amcad said they often can in securities fraud actions. The judge should be reversed. Mr. Sterling. Sterling, thank you, Mr. Chief Justice. May it please the Court. BASIC recognized that absent the class-wide presumption of fraud-on-the-market reliance, individual issues of reliance predominate, as they do in any other fraud context. Consequently, when a district court, after the rigorous analysis required by Rule 23, finds that the presumption is unavailable or rebutted, reliance ceases to be a class-wide  Sotomayor, I — when — what in the Fifth Circuit's decision puts this inquiry into the reliance prong, and where did you argue it this way below? We argued it below based upon the premise in BASIC that the presumption is rebutted when there is proof that the market price did not distort. Could you give me a place in the record where you actually said that, as opposed to relying on Oscar to argue that the Fifth Circuit was right in addressing as a merits question whether the plaintiff had proven loss causation? It was not addressed as a merits question, Justice Sotomayor. It was addressed, as Oscar said, as a prerequisite for finding reliance in order to support. Sotomayor, so you're not defending the rationale of the Fifth Circuit now? You're sort of backing yourself into the reliance element? We are not defending all of the language in Oscar, clearly. But the BASIC test in the Fifth Circuit, as our case made clear on pages 116a and 119a of the Petition Appendix, is not loss causation. It's price impact. Because BASIC says at page 248, any showing that severs the link between the misrepresentation and the stock price defeats the presumption. BASIC made clear on that same page that a showing that the stock price was not distorted by the misrepresentation defeats the presumption. Mr. Sterling, if I think, if I disagree with you, and I think that Oscar said that loss causation needs to be shown at the certification stage, you agree that that is not a correct statement of the law. Is that correct? We do agree with that, Justice Kagan. But our opinion made clear that it's not loss causation as this Court knows it in Dura. The test is simply price impact. And the Fifth Circuit recognized, and the Fund recognized this below, on page 551a of the Joint Appendix, their only burden under the Fifth Circuit case law was to show price impact. And they could show it either of two ways. Their papers show this, page 116 and 119a of the Joint Appendix. They could show price inflation upon a misrepresentation, which as this Court made clear in Dura is not synonymous with loss causation, or, failing that, and they could not show that here because their own proof showed that none of the alleged misrepresentations moved the market, so the alternative way to show price impact is simply to show a price decline following a corrective disclosure. And while that showing is similar to loss causation, it's an easier, less rigorous showing of loss causation, because under the price impact test at the Fifth Circuit, all the plaintiffs need show is that it's reasonable to infer that some portion of the decline was attributable to the revelation of the truth. Kagan, Mr. Sterling, I wasn't sure what argument you were making in your brief. One possible argument you could be making is that the plaintiffs have to show a price impact. Another possible argument you could be making is that you have to have the opportunity to rebut the plaintiff's use of the basic presumption by yourself showing that there was no price impact. And you seemed often to be saying the first, even though I would think that the second is the most you can make as a plausible argument. Sterling, If we suggested the first, Justice Kagan, I apologize because we did not intend to. Basic puts the initial burden on the defendant to show the absence of price impact, showing that the presumed fact does not exist. Once that threshold showing is made, the burden remains on the plaintiff under Rule 301 and Rule 23 to show by a preponderance of the evidence that the market price was, in fact, distorted. The way the Fifth Circuit wrote the decision, the Fifth Circuit seemed to be saying, plaintiffs, you didn't show an initially false representation and you, plaintiff, didn't show a corrective statement that caused the price drop. As I read the Fifth Circuit's decision, it says, plaintiff, you failed to prove one of the two things that you would have to prove. And you say, no, they really put the burden on the defendant, the Fifth Circuit put the burden on the defendant and found the defendant had meant it instead of the other way around? We agree, Your Honor, that the Fifth Circuit put the initial burden of production on the plaintiff, and that's contrary to Basic. We agree with that. However, in terms of the Fifth Circuit's language that I believe Your Honor is referring to, that is when the Fifth Circuit was discussing the alleged corrective disclosures. Because the plaintiff could not show that any of the alleged misrepresentations moved the market, they had to rely upon what they claimed were corrective disclosures. That was the only way they could show price impact. The Fifth Circuit at various times looked at each of the alleged corrective disclosures and said, that's not a corrective disclosure because it doesn't reveal the truth in any way. It's bad news, but it's non-culpable bad news. It doesn't in any way suggest that Halliburton said something during the class period that was false. Breyer, can I, I'm trying this question out, and try to give me your best answer. And if I don't have it clear enough, just forgive it and go on to another. All right. As I'm understanding this case with Basic, the idea is there is a presumption. Somebody lies and says there is an oil well, I found oil in. A lot of people buy in the stock market. It turns out there was no oil, and a lot of people say they lost money. All right. The point of the stock market presumption is to say, Smith, you're a typical plaintiff, and this presumption is going to help you by the following. We're going to say what happened to the typical person on the stock market during that period happened to you. And there are a lot of people who bought and sold on the stock market. And that's why efficient markets is needed to show at the certification stage, because if there weren't certification, if that isn't shown, the whole thing falls apart. But what you're just saying on terms of whether the revelation lowered the price has nothing to do with the question, what happened to the typical person, Smith, happened to you. Nothing to do with it. It has to do with whether anybody was hurt. Now, that has nothing to do with the certification stage. That's the win or lose stage. Now, that's how I'm understanding it at the moment. So what's wrong with the way I understand it? Smith, Justice Breyer, the problem is we're back to reliance. Basic created the presumption as an exception to the long understood rule that fraud cases were not appropriate vehicles for class actions because each individual would have to say, Mr. Smith, in your hypothetical, I read Halliburton's statement and I relied upon it. Basic said, because that's so impractical, cases would never be certified. We're going to say, we're going to assume the entire market is like Mr. Smith, and Mr. Smith relies on the integrity of the stock price when the stock price is distorted by the misrepresentation. But if the stock price was not, in fact, distorted by the misrepresentation, it makes no sense to say everybody relied on the misrepresentation through its effect on the stock price. Scalia, which means you would lose, I mean, which means that the plaintiff would lose. But it doesn't mean that there is not a common issue, that the latter question, whether in fact the market was affected or not, is not a common question. I mean, Rule 23 only requires that there be a common question. But, Justice Scalia, Basic sets forth a special rule. Basic is an exception to the long-understood rule about the nonsusceptibility class action to class treatment of fraud cases. Basic says it's not just enough to allege the operative facts, and we will presume reliance. Basic says you have to plead and prove them. And all of those operative facts are subject to common proof. The efficient market. Efficient market applies to everybody. It's common proof. Everybody recognizes, everybody agrees. Mr. Boyce said so today and the government said so today. If the market, if the district court does not find that the market, that the market for the stock is efficient at the class certification stage, you can't certify, because it's not reasonable to infer, then, that the misrepresentation was translated into the stock price. Materiality is another requirement under Basic. It's a threshold condition. Again, common proof. All the courts except for the Seventh Circuit agree materiality must be proven at the class certification level. Same thing for whether the misrepresentation was public. If it was not publicly made, it's not reasonable to infer that it had an impact on the stock price. All of these operative facts are subject to common proof, but Basic says unless those facts are proven at the class certification stage, the presumption of class-wide reliance doesn't apply and individual issues of reliance predominate. The same must be true for rebuttal proof. Basic says eight times that the presumption is rebuttable. And it makes no sense at all to rely upon these indirect or surrogates, circumstantial proof of whether the misrepresentation moved the market. That's all these are, materiality, whether it was publicly made, whether the market was efficient, these are all just surrogates for whether it's reasonable to believe or to infer that the stock price was, in fact, distorted by the misrepresentation. Sotomayor, could you explain to me why in this case it's not reasonable to believe? Meaning, assuming the truth that there was falsity in the statements made, those alleged. Because if you're assuming truth to those statements, why wouldn't the misrepresentation make it reasonable to believe that a market reacts to corrective measures? Because what I see is a difference between saying it's an inefficient market or that the statements had no price impact for some other merits-related reason, but why does that tie to an inefficient market at all? Well, general market efficiency is just a proxy or a surrogate for whether it's reasonable to think that the conditions exist for the stock price to be affected by a misrepresentation. So tell me why on its face the false statements alleged here, why would it be unreasonable to conclude that the market wouldn't respond to them? One reason is because the market deemed the information to be immaterial. The market didn't care about it. The market didn't react to it. Another reason could be that while a market is generally efficient, a market was inefficient for this type of information. Well, but you conceded efficiency below, so you've sort of given up that argument. We conceded efficiency below because, candidly, their own proof showed that none of the misrepresentations moved the market. And what we have here is not circumstantial proof of general market efficiency or materiality or whether the statement was public. Here there was direct proof that none of these misrepresentations moved the market. And that is the whole premise of the basic class-wide presumption of reliance. Basic itself says if the stock price was not distorted by the misrepresentation, you can't say the entire class relied upon the misrepresentation to the stock price. And that's exactly what we have here. It is the DNA proof. And it makes no sense for district courts to be certifying class actions based upon this indirect or circumstantial proof while ignoring the direct proof of the absence of price impact. And, in effect, what they're asking this Court to do is to extend basic. Basic itself is a judicially created presumption designed to make a judicially created cause of action easier to be maintained as a class action. It was one thing for courts decades ago to imply a private cause of action under 10b, and it was another thing for this Court to create a rebuttable presumption of reliance in basic in order to make it easier to maintain these cases as class actions, but it would do violence to Stonebridge's admonition that the 10b cause of action ought not be further expanded to now make that rebuttable presumption of reliance irrebuttable at the class certification stage. But your argument seems to say, to get a class certified, you have to virtually prove your case on merits. You leave almost nothing over. I mean, if you've won the class certification on your basis and you've shown the material misleading and the price drop as a consequence, the efficient market first, you've shown all that, what else is left on the merits? You win on the merits if you win certification. Justice Ginsburg, that is not our position. Our position is in order to get the class-wide presumption of reliance, it's the plaintiff's burden to plead and prove, up front of threshold facts, a public misrepresentation that was material, made in an efficient market. However, the defendant has the right at the class certification stage to rebut that presumption by any showing, to quote Basic, that severs the link between the misrepresentation and the stock price. When that threshold showing is made, the burden is back on the plaintiff to demonstrate the necessary linkage. It's not a finding on the merits. A determination at the class certification stage is simply one of whether the Rule 23b3 predominance requirement is met and whether the class can appropriately proceed as a class as opposed to in the traditional individual fashion. And that finding is not binding on the ultimate finder of fact. Kagan. Kagan. And Mr. Sternle, maybe this is just to repeat Justice Ginsburg's question, but what else is there? I mean, what would not be proper to introduce in the way that you're talking about at the certification stage? Falsity, scienter, actual proof of loss causation and damages. The Fifth Circuit suggested that scienter could come in at the certification stage. You're disclaiming that? Actually, footnote 35 of the Fifth Circuit opinion makes clear that it is not requiring scienter. The Fifth Circuit says in response to analyzing what is or is not a corrective disclosure, it says it has to do something that suggests that a statement was made that is potentially actual was false. Otherwise, it's not a revelation of the truth. And all that is, again, is a second way under the Fifth Circuit's test of showing whether there is the necessary price impact to justify certifying the class or alternatively to determine that individual issues of reliance predominate. And allowing the defendants to rebut the presumption of reliance at the class certification stage is consistent with this Court's class action case law and with Rule 23. This Court has consistently said that the Rule 23 requirements are not to be presumed, they're not to be assumed, they have to be found. Actual conformance is the test. Ginsburg's only requirement we're talking about is B-3, because it's not argued and the district court found that all of the 23A requirements were satisfied. That's not disputed, right? Correct, Your Honor. But 23B-3 requires a court to make a finding that predominance exists. And the 2003 amendments to Rule 23 make clear that a court should not certify a class unless and until it is satisfied that all of the Rule 23 requirements are met. And it makes no sense to say that a court is going to conduct this rigorous analysis and make the Rule 23 B-3 findings without considering the defendant's rebuttal proof of whether, in fact, there was price impact, because Basic itself says if there is no price impact, the presumption falls away, individual issues of reliance predominate, and the class cannot be certified. Kagan On your rebuttal proof point, you said just now that all you had to do was come forward with some evidence, but that the burden remains on the plaintiff. Is that what kind of evidence do you think you have to come forward with in order to flip the burden back to the plaintiff? Well, under Basic, it's any showing that severs the link. And here it was proof we had our own expert that demonstrated that, again, kind of inflated the stock price. So you're saying you can put an expert on the stand and the expert will say there was no price impact, and then the plaintiffs have to make the case that there, in fact, was a price impact at the certification stage, that the plaintiffs have to prove that by a preponderance. Correct, Your Honor. Once you put an expert on the stand. Under Rule 301, the presumption does not shift the ultimate burden of proof. It stays on the party that bears it. And that's consistent with Rule 23 as well, which puts the burden on the plaintiff to prove all of the Rule 23 elements exist. Well, that does suggest that the basic presumption isn't worth much in your world. That you put an expert on the stand and the basic presumption falls away, and the plaintiffs actually have to prove their case at that very early stage that there was no price impact. We agree, Your Honor, that they have to show price impact, but that's not a hard burden to show. If any of their 22 they alleged that we made misrepresentations that were false on 22 days during the class period, all they had to do was show one day during that class period a statistically significant price movement, and they're in. Or all they had to show was any of the alleged, I've forgotten how many, corrective disclosures during the class period. Any one day, if there was a meaningful price movement that a court could infer was related to the revelation of the truth, that's all they need to show. But they couldn't show that. Roberts, I suppose if you prevail and a defendant tries to establish at the certification stage that there's no loss causation and loses, then that's law of the case and you've missed the three opportunities that Mr. Boies was willing to give you at the pleading stage, summary judgment and the merits. That issue is out of the case if you lose, right? No, Your Honor, because the finding at the class certification stage is not binding upon the ultimate factfinder. So if the court determines by preponderance of the evidence that reliance is not there, if the case goes to trial and an individual plaintiff brings his or her own case based upon subjective reliance, that court's determination at the class certification stage is not binding on the jury. Roberts, what if there's no new evidence? One of the objections to your theory is that you don't have discovery at the certification stage. What if you have no new evidence to put on at later stages? It's possible that the jury would agree with the judge who made the determination at the class certification hearing. It's possible that the jury might not. But the discovery issue, Your Honor, is a complete red herring, because Rule 23 makes clear that the district court has ample discretion at the class certification stage to allow discovery into the merits to the extent that they are relevant to the class certification issue. And more importantly here, the Fund never asked for discovery. In fact, when the Fund filed its motion for class certification on page 139A of the Joint Appendix, the Fund said no discovery is needed to resolve this motion except for expert discovery. The Fund never asked for discovery at the district court level. The Fund never asked for discovery at the Fifth Circuit. The only time they have ever hinted that they wanted discovery related to the class certification issue was at this Court. Scalia, I thought that the whole reason you say that the class certification stage is so significant is precisely because once the class is certified, there will be immense discovery on the merits of the case, which will be so expensive for defendants that they are inclined to throw in the towel. Now you are telling us that you want to move discovery up to the class certification stage? I mean, you know. Justice Scalia, that was not my point, and I apologize if it came out that way. I'm sure it wasn't your point, but. All I was suggesting that if a plaintiff were to say, you know, Your Honor, to the district court, we think we can't, we should not have the class certification hearing yet because we need some discovery on point A, B, C, which did not happen here. The district court can say fine, or can say I don't think you need it. But the premise of your question is certainly correct. The grant of class certification is a seminal event in a 10b-5 case.  Roberts, No, no, no. What I'm trying to get at, and I'm trying to get at your opponent's or your friend's view, is that it would just postpone the defendant's ability to rebut the presumption, result in countless classes being certified with the certain knowledge that they would have to be decertified later. Well, if it's so certain, then there's no interiorum effect. Just what the — that's assuming that the defendant has the wherewithal to stick it out through it all. But the sheer grant of class certification, which aggregates hundreds, tens, thousands, tens of thousands of these case claims together in one big case, makes every one of these cases in effect a bet-the-company case. And it puts huge settlement pressure on the defendant. I mean, in this case, Halliburton had 440 million shares of stock outstanding during the class period. The class period lasts two and a half years. It's easy to do the math and say that had this class been certified, there would have been huge pressure upon Halliburton to settle. Breyer. Does your rule apply in all fraud cases? That is, a thousand farmers say Mr. Jackson was our common buying agent and the defendant lied to Mr. Jackson, and he relied on the lie. It is a common issue whether he relied on the lie or didn't rely on the lie. I can understand somebody saying at the certification stage you have to see whether he's really a common agent, but let's imagine that's assumed. The only question left is, did he rely or not rely? Is that a question for the merits or is that a question for the commons, for the merits? Basic is really an exception that applies only in the case of a common agent. So you're saying in the case I just gave you, the answer is reliance is for the merits? Correct, Your Honor. Whether he really relied or didn't really rely, the common agent is for the merits. But you couldn't have a class in that situation because reliance is an individual issue. A thousand people say Mr. Jackson is our common buying agent, and the defendant lied to this common buying agent, and he represented us, relied on that. I'm asking you if that issue of reliance in an appropriate case is for the certification stage. Yes, Your Honor, because you still have everybody having to say Mr. Jackson is my agent. And they also have to prove there is a lie. Right. But the individualized question of reliance is simply, is Mr. Jackson your agent or not? Because of that, there is no common issue that predominates on reliance. If there are no further questions, we would ask that the judgment below be affirmed. Thank you. Thank you, Mr. Sterling. Mr. Boies, you have 5 minutes remaining. Thank you, Your Honor. Thank you, Mr. Chief Justice. Let me respond to Mr. Sterling's statement that all we had to do was show one statistically significant price movement. As the Court is aware from the briefing, on December 7th of 2001, the Halliburton put out a release that indicated that their prior statements that their asbestos reserves were adequate were not true. The stock dropped 42 percent, more than 42 percent. The actual drop was 42.4. Expert witnesses calculated that the company-specific drop was slightly larger than that because the market was generally going up that day. But it was a dramatic drop. Their own expert, as is indicated in the briefing, agreed that there wasn't anything else happening that day other than asbestos news. And all of them. So you win. So you win, at the certification stage or at the pleading stage, whatever. So why is it such a big deal to you here? Because under the Fifth Circuit rule, and I understand that counsel disavows the actual language of the Fifth Circuit rule, but it was that language that the district court relied on in failing to certify the class. And with respect to the Fifth Circuit test, what the Fifth Circuit says is that because the announcement on December 7th did not specifically reference the prior announcements, it cannot be considered a correction of those prior announcements. And indeed, the court, the Fifth Circuit goes even further, and this is at page 338 of the FSUP opinion. It says, quote, the district court must decide whether the corrective disclosure, more probably than not, shows that the original estimates or predictions were designed to defraud. So what the Fifth Circuit is doing is it's bringing even the defrauding aspect, not just the falsity aspect, but the defrauding aspect, right into the class certification stage. And I think Justice Scalia's question was exactly on point with respect to discovery, because either they're going to make these merits decisions without discovery, or you're going to have all of the discovery before you have the class certification. It's got to be one or the other. And in either case, what is happening is you're converting what Rule 23 says is an issue as to what is the strength of the merits claim that the plaintiff has. And while it is true reliance is part of the merits claim, the reason reliance is different is because reliance, if it — if there is no reliance, if there's no efficient market, then reliance can make individual issues predominant. But when the only issue is not a step issue like efficient market, but is a direct merits issue, there isn't any way that you can make individual issues predominate regardless of how you decide it. And loss causation and price distortion are both those kind of common issues. And counsel says he doesn't defend the actual loss causation statements of the Fifth Circuit, and what I would ask is when the court — if the court does decide to send it back, that the court look at what the right standard is for the court below to be applying when it deals with class certification. And I would urge the court that when you have pleadings, summary judgment and trial tests for merits questions, then you don't need another merits test on — at the class certification stage, even if Rule 23 permitted it, which we don't think it does. What Rule 23 is designed to do is simply say, are individual issues or common issues going to predominate? And all of the class have the same loss causation, have the same price distortion issues. If the question — if the court has no more questions, that completes my argument. Roberts. Thank you, counsel. Counsel, the case is submitted.